FISHER *v.* SWENSON, WARDEN, ET AL.

[H. C. No. 20, Ocotber Term, 1948.]

*Decided February 17, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from denial of a writ of habeas corpus. Petitioner is imprisoned under a sentence of four years for burglary, housebreaking and larceny, on a written waiver of indictment, on information and a plea of guilty.

The application is denied on Judge Bailey's opinion, which is as follows:

"The petition in this case alleges that the petitioner is illegally confined in the Maryland Penitentiary for two reasons:

"1. That no copy of the charge was read to or given him prior to the date of sentence.

"2. And that he was tried without a previous indictment by the Grand Jury.

"A certified copy of the docket entries in No. 67, Criminals, November Term, 1946, in the Circuit Court for Montgomery County, Maryland, discloses that the petitioner was represented by counsel and that he entered a plea of guilty. He does not allege that he demanded a copy of the charge and that it was refused. The failure to furnish him with a copy under these circumstances, even if true, would not amount to a denial of due process of law.

"The second contention is likewise without merit. The docket entries, which are filed herewith, show that the petitioner filed his petition and suggestion for trial on criminal information in accordance with the provisions of Section 637, of Article 27, 1947 Cumulative Supplement of the Code. It appears further that all the provisions of said section were complied with. The right to indictment by a Grand Jury is a right which may be waived."

*Rose v. State,* 177 Md. 577, 10 A. 2d 617; *Callan v. State,* 156 Md. 459, 462-464, 144 A. 350; see also *Bute v.*

*People of State of Illinois,* 333 U. S. 640, 657, 68 S. Ct. 763; *Barkman v. Sanford,* 5 Cir., 162 F. 2d 592, *certiorari* denied 332 U. S. 816, 68 S. Ct. 155; *DeGolyer v. Commonwealth,* 314 Mass. 626, 51 N. E. 2d 251.

In a brief in this court petitioner alleges that he was brought from Washington without a warrant and that he was held for thirty hours without a hearing or arraignment. These allegations are not properly before us. If they were, they would not invalidate the charge, waiver of indictment, plea of guilty and sentence. *Davis v. Brady,* 188 Md. 113, 51 A. 2d 827; *Edmondson v. Brady,* 188 Md. 96, 52 A. 2d 86; *Bowie v. Warden of Maryland Penitentiary,* 190 Md. 728, 60 A. 2d 185.

*Application denied, without costs.*