## ATWOOD *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 36, October Term, 1948.]

*Decided May 18, 1949.*

Before MARBURY, C. J. and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is an appeal from an action of the Baltimore City Court in remanding the petitioner to the custody of the Warden of the Maryland House of Correction after a hearing on a writ of habeas corpus.

The petitioner alleges that he was convicted on four charges of contributing to the delinquency of minors without indictment by the grand jury. The record shows that petitioner was tried on warrants and represented by counsel. No indictment was required in those cases. Acts of 1943, Chapter 818, Sections 420 (C) and 420 (E); *Fisher v. Swenson, Warden,* 192 Md. 717, 64 A. 2d 124.

The record in the case shows that he was advised of his right to be tried in the Criminal Court if he so desired and also of his right to a jury trial, both of which he freely waived when represented by competent counsel. *Callan v. State,* 156 Md. 459, 144 A. 350; *Fisher v. Swenson, Warden, supra.* The petitioner alleges that he was tried at a private trial held in the judge's chambers. The record in the case before us shows that the trial was conducted in the room used as a court room in juvenile cases.

The petitioner also claims that Section 420 (D) of Chapter 818 of the Acts of 1943, (Juvenile Causes), is unconstitutional because it deprives the accused person

of the right to a jury trial. This contention is without merit as Section 420 (D), *supra,* and Section 420 (E) of Chapter 818, *supra,* specifically provide for a jury trial, if elected, and the record in the case before us shows that the petitioner waived his jury trial.

*Application denied, without costs.*