## PAFF *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 6, October Term, 1952 (Adv.).]

*Decided July 15, 1952.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

MARKELL, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order remanding petitioner to custody after hearing on a writ of *habeas corpus* in the Baltimore City Court. Petitioner is imprisoned under sentence for eighteen months on conviction of petty larceny by the trial magis-

trate at Frederick. He alleges that "he was not permitted to testify in his behalf" without alleging that he asked to be permitted to testify, that the testimony to convict was inadequate and that he was sentenced "on his previous record", and that he does not know who "signed the warrant against him". These and similar contentions, so far as they may be material at all, can be raised on appeal but not on *habeas corpus*.

Petitioner also alleges that "he requested appeal and was refused", that at the Frederick jail he requested use of the telephone to call the magistrate "for an appeal" and also wrote a letter to the magistrate, but the jailer refused him permission to telephone and tore the letter to bits. This contention cannot be raised on *habeas corpus*. If petitioner was wrongfully prevented from taking or perfecting an appeal, application should be made to the Circuit Court for Frederick County for hearing of his appeal and decision whether he was wrongfully prevented from taking it. *Bernard v. Warden*, 187 Md. 273, 282, 49 A. 2d 737; *Coates v. State*, 180 Md. 502, 25 A. 2d 676. The record contains opposing statements by the jailer, the petitioner and another prisoner as to these facts. We have no jurisdiction to pass upon this question, which must be heard and decided by the Circuit Court for Frederick County.

*Application denied, with costs.*