## MARTUCCI *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. 34, October Term, 1952.]

*Decided May 13, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a writ of *habeas corpus* by Judge Herman Moser, of the Supreme Bench of Baltimore City.

At the hearing, the petitioner claimed that when he was tried in September, 1952 for violation of the narcotic laws, he was not represented by counsel and that he could not afford counsel of his own choosing. He admits that he did not request the Court to appoint counsel. In this Court, he complains also that the testimony of the Police Officer, which was produced against him, was not true.

The petitioner's complaint is not that he was denied representation but merely that he had none. He does not allege facts tending to show that for want of counsel "an ingredient of unfairness operated actively in the process that resulted in his confinement". *Selby v. Warden, Maryland House of Correction,* 201 Md. 653, 92 A. 2d 756; *Pridgen v. Warden, Maryland Penitentiary,* 201 Md. 643, 92 A. 2d 455; and *Williams v. Warden, Maryland Penitentiary,* 200 Md. 651, 89 A. 2d 228.

The petitioner is thirty-five years of age and has had two previous narcotics convictions and a conviction for vagrancy. The Trial Court concluded, correctly, we think, in light of petitioner's age and experience, there was no necessity to appoint counsel to assure a fair trial.

The answer to the petitioner's complaint that the Police Officer testified falsely is that it is well settled that the question of guilt or innocence, or the question of sufficiency of the evidence, cannot be considered on *habeas corpus.* *Carroll v. Warden, Maryland Penitentiary,* 201 Md. 647, 92 A. 2d 449; *Buffington v. Warden, Maryland House of Correction,* 201 Md. 642, 92 A. 2d 450; and *Sykes v. Warden, Maryland Penitentiary,* 201 Md. 662, 93 A. 2d 549.

*Application denied, with costs.*