# BOWEN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 33, October Term, 1952.]

*Decided May 13, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of the writ of *habeas corpus* by Judge E. Dale Adkins, of the First Circuit.

The application was denied after a hearing. The petitioner made two prior applications for leave to appeal to this Court. See *Bowen v. Warden,* 200 Md. 660, 90 A. 2d 174; and *Bowen v. Warden,* 201 Md. 649, 92 A. 2d 384. This Court, in dismissing his last application, outlined the history of his case as follows:

"* * * Petitioner in 1950 was convicted in Anne Arundel County of breaking and entering and sentenced to five years in the House of Correction, sentence was suspended for five years during good behavior and petitioner was 'paroled'. In 1951 petitioner was convicted of larceny in Baltimore County but not sentenced, and was in Anne Arundel County re-sentenced to five years in the House of Correction on violation of probation."

The docket entries of Baltimore County show that sentence was suspended generally. The petitioner now contends as follows: (1) that at the time of his trial in Anne Arundel County he entered a plea of not guilty, which the Court would not accept, and that the docket entries showing the plea of guilty are erroneous; (2) that he was denied the right to trial by jury, which he requested; (3) that counsel failed to defend his constitutional rights; (4) that he was denied his right to appeal from the Baltimore County conviction; (5) that, at the time of his trial in Anne Arundel County, he requested time to secure a lawyer, which was denied; and (6) that he was not allowed to contact his witnesses.

Three of the complaints were made in Petitioner's earlier applications and rejected as grounds for the issuance of the writ of *habeas corpus*. This is the first time he presents his complaints in the words used here that he was denied a right to trial by jury, that he was not allowed to contact his witnesses, and that his counsel failed to defend his constitutional rights.

This Court has held that the question of denial of a jury trial may not be raised on *habeas corpus*. *Wilson v. Warden*, 198 Md. 663, 80 A. 2d 897, 898. Likewise, it has been held that the denial of an opportunity to obtain witnesses may be raised on appeal and goes only to the regularity of the proceeding, not to the jurisdiction of the trial court. *Sykes v. Warden*, 201 Md. 662, 93 A. 2d 549; *Ridgely v. Warden*, 201 Md. 651, 92 A. 2d 451; and *Selby v. Warden*, 201 Md. 653, 92 A. 2d 756.

*Sykes v. Warden, supra,* discusses also the contention of ineptness, or lack of diligence on the part of counsel, and refuses to recognize the contention as a ground for the issuance of the writ.

Since the appellant in substance has presented no new grounds for relief, and has merely rephrased the old, his present application must be denied.

*Application denied, with costs.*