**James L. PRESLEY, Appellant,**

v.

**Vernon L. PEPPERSACK, Warden, Maryland Penitentiary, Appellee.**

**No. 7042.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1955.

Decided Nov. 9, 1955.

James L. Presley, pro se, on brief.

James H. Norris, Jr., Sp. Asst. Atty. Gen., of Maryland (C. Ferdinand Sybert, Atty. Gen., of Maryland, on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM.

This is an appeal from an order denying a writ of habeas corpus to a prisoner held in custody under the judgment of a Maryland state court. This imprisonment was inquired into by the Maryland courts in Presley v. Warden, 205 Md. 660, 109 A.2d 922, certiorari denied 348 U.S. 955, 75 S.Ct. 445, where the Court of Appeals of Maryland said:

"This Court has repeatedly stated that the legality of a search and seizure may be raised on appeal but cannot be raised on habeas corpus. Sykes v. Warden, 201 Md. 662, 93 A.2d 549; Dodson v. Warden, 201 Md. 655, 92 A.2d 754; Presley v. Warden, 201 Md. 660, 92 A.2d 754; Laslo v. Warden, 204 Md. 663, 103 A.2d 342; Barr v. Warden, 200 Md. 657, 90 A.2d 216; nor can the legality of arrest—see Spence v. Warden, 204 Md. 661, 103 A.2d 345; Lewis v. Warden, 203 Md. 676, 100 A.2d 803; Cumberland v. Warden, 205 Md. 646, 109 A.2d 66; nor can his allegations that the police used force and threats to gain incriminating statements from him be raised on habeas corpus—see State ex rel. Freeland v. Warden, 193 Md. 696, 65 A.2d 886, certiorari denied 338 U.S. 836, 70 S.Ct. 45, 94 L.Ed. 511. See also Goodman v. Warden, 190 Md. 746, 60 A.2d 527, certiorari denied 335 U.S. 847, 69 S.Ct. 58, 93 L.Ed. 397.

"Petitioner's contention that he was deprived of counsel was answered, as was his contention of unlawful search and seizure without warrant, in his former petition, Presley v. Warden, 201 Md. 660, 92 A.2d 754. See also Daisey v. Warden, 203 Md. 653, 98 A.2d 99, which states that the petitioner has the burden of showing that for want of the opportunity of counsel, ' "an ingredient of unfairness operated actively in the process that resulted in his confinement." ' Martucci v. Warden, 202 Md. 648, 96 A.2d 490, 491; Selby v. Warden, 201 Md. 653, 92 A.2d 756."

██ As the questions which appellant sought to raise by habeas corpus had been adequately considered and properly decided by the courts of the state, the court below was not required to issue the writ. Brown v. Allen, 344 U.S. 443, 460–465, 73 S.Ct. 397, 97 L.Ed. 469. The appeal from the denial of the writ is not properly before us, however, for lack of the certificate of probable cause required by 28 U.S.C. § 2253.

Appeal dismissed.