## WILSON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 32, October Term, 1955.]

*Decided April 4, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Charles C. Marbury of Prince George's County, Maryland, on January 17, 1956.

The petitioner here pleaded guilty in the Circuit Court for Harford County on December 1, 1954, of forgery and was given a sentence of two years in the Maryland House of Correction. This sentence was suspended on condition that he remain out of Harford County for two years. He left Harford County on December 2, 1954, but returned there that same evening. On December 3, 1954, he was shot with a shotgun and was confined in the hospital at Bel Air until January 3, 1955. On that date he was arrested for violation of his parole and was confined in jail from January 3rd to January 13th. On that day the suspension of sentence was revoked by Judge Day and he was committed to the Maryland House of Correction on January 14, 1955, on the sentence imposed December 1, 1954. He escaped on August 7, 1955, was returned to the House of Correction on November 3, 1955, and was given an additional sentence of six months.

The petitioner contends that he was not represented by counsel of his own choice nor did the court appoint counsel to represent him; that he was too ignorant and too inexperienced to properly present his own defense. He admits, however, that prior to 1940 he was twice charged with other criminal offenses and in both instances he was not represented by counsel and pleaded guilty. He also admits that at his trial on December 1, 1954, in Harford County, he did not request that counsel be provided for him because he intended to plead guilty to the charge of forgery. He claims that failure to have counsel resulted in the lack of due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States and the "Bill of Rights" to the Constitution of Maryland. The facts alleged by him do not indicate that appointment of counsel was necessary. This right

to appointment of counsel is not an absolute one. It exists only on a showing of facts that make it necessary in the particular case. The burden is on the petitioner to allege such facts as tend to show that for lack of counsel an ingredient of unfairness operated resulting in his confinement. It also appears from the fact that on account of his two prior convictions he was familiar with court proceedings. *Selby v. Warden,* 201 Md. 653, 92 A. 2d 756; *Presley v. Warden,* 205 Md. 660, 109 A. 2d 922, *certiorari* denied, 348 U. S. 955, 99 L. Ed. 746; *Presley v. Peppersack* (C. A. 4th), 227 F. 2d 325.

The petitioner also contends that he was illegally arrested on December 3, 1954. The question whether a prisoner's arrest was illegal cannot be reviewed on *habeas corpus. Lewis v. Warden,* 203 Md. 676, 100 A. 2d 803; *Spence v. Warden,* 204 Md. 661, 103 A. 2d 345; *Smith v. Warden,* 207 Md. 628, 114 A. 2d 893.

The petitioner further contends that he did not receive a hearing for violation of probation. This allegation seems unsustainable as the original sentence was suspended by Judge McNabb and he was committed by Judge Day. However, this goes only to the regularity of the proceedings and not to the jurisdiction of the trial court and cannot be raised on *habeas corpus. Selby v. Warden, supra; Bowen v. Warden,* 202 Md. 646, 96 A. 2d 489; *Spence v. Warden, supra; Cummings v. Warden,* 206 Md. 637, 111 A. 2d 596; *Medley v. Warden,* 207 Md. 634, 115 A. 2d 287.

*Application denied, with costs.*