## TIBBS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 38, October Term, 1955.]

656 

*Decided June 13, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a writ of *habeas corpus.* The petitioner was tried on a charge of false pretenses before the Circuit Court for Montgomery County and found guilty by a jury. He was sentenced to two years in the House of Correction. He states that he was indicted on July 7, 1955. On November 28, 1955, he was given a copy of the indictment and released on bond. He "understood" that he would be furnished counsel if he was unable to procure counsel of his own selection. On January 10, 1956, he was taken before Judge Prescott, arraigned and pleaded not guilty, having received notice the previous day from his bondsman. The Court declined to appoint counsel or to postpone the trial in order for him to obtain witnesses. He then prayed a jury trial. He testified in his own behalf, but on January 11, 1955, the jury returned a verdict of guilty.

It is well settled that it is unnecessary to appoint counsel in all cases. Recent cases on the point are *Walker v. Warden,* 209 Md. 654, and *Wilson v. Warden,* 209 Md. 659. The petitioner was 37 years of age, and it is not shown that any element of unfairness entered into the case by reason of the absence of counsel. He had been at liberty on bond since November 28, and had notice the previous day of the arraignment. We cannot find that the failure of the Court to appoint counsel or grant a postponement under the circumstances was a denial of due process.

On the question of witnesses, it is not apparent that the failure to postpone the trial was prejudicial. They could have been summoned forthwith or for the following day, even if he

had neglected to request their attendance on January 10th. In any event, the failure to summon witnesses goes only to the regularity of the proceeding, which cannot be challenged on *habeas corpus* but only on direct appeal. *Legrand v. Warden,* 205 Md. 662, 663, and cases cited.

*Application denied, with costs.*