## HOPKINS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 74, October Term, 1956.]

*Decided May 3, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus.*

Petitioner alleges that he was arrested on April 28, 1956, and charged with larceny of a watch and unauthorized use of an automobile. He was tried by the trial magistrate of Worcester County and found guilty and was sentenced to eleven months in each case in the Maryland House of Correction, the sentences to run concurrently, a total of twenty-two months on the two charges.

Petitioner makes no complaint as to his conviction for larceny and his petition here is based on the conviction for unauthorized use. He states that he told the trial magistrate that he wanted to appeal the verdict and asked to be released on bail pending hearing on appeal in the Circuit Court. He further states that the magistrate replied that he could not appeal at that time, he would have to appeal from the House of Correction. In *Paff v. Warden,* 200 Md. 660, 90 A. 2d 173, the petitioner, who was convicted of petty larceny by the trial magistrate at Frederick, Maryland, alleged that "he requested appeal and was refused", and that at the Frederick jail he requested use of the telephone to call the magistrate "for an appeal" and also wrote a letter to the magistrate, but the jailer refused him permission to telephone and tore the letter to bits. Judge Markell said in that case: "This contention cannot be raised on *habeas corpus.* If petitioner

was wrongfully prevented from taking or perfecting an appeal, application should be made to the Circuit Court for Frederick County for hearing of his appeal and decision whether he was wrongfully prevented from taking it. *Bernard v. Warden,* 187 Md. 273, 282, 49 A. 2d 737; *Coates v. State,* 180 Md. 502, 25 A. 2d 676."

Petitioner further contends that after being arrested on April 28, 1956, he was held in jail and not allowed to use the telephone to send messages to anyone. However, on April 30th he was informed that he would be given a hearing on May 1, 1956, at 9 A. M. He was then allowed to telephone his intended wife, who visited him at the jail. He arranged with her to have witnesses and a lawyer to be at the hearing, which was to be the following morning. Without warning he was taken before the trial magistrate for trial at 8 P. M. on April 30th. At the hearing he had no one there. When the people interested in. the case appeared the next morning at 9 A. M. they were told that the case was over and that he had already left for the House of Correction. This complaint should be raised on appeal and not on *habeas corpus.*

Petitioner further contends that there was not sufficient evidence to convict him on the charge of unauthorized use. Sufficiency of the evidence cannot be raised on *habeas corpus. Walker v. Warden,* 210 Md. 654, 123 A. 2d 447.

*Application denied, with costs.*