# PRICE *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 88, September Term, 1957.]

*Decided March 3, 1958.*

658

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Brune, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by the Circuit Court for Baltimore County (Raine, J.).

Applicant was convicted, as a second offender, of violation of the narcotics laws on February 10, 1956, in the Criminal Court of Baltimore (Carter, J.) and was sentenced to a term of ten years in the Maryland Penitentiary. He urges as the basis for leave to appeal the grounds stated below:

First, he contends that the evidence before the court did not justify a conviction for the crime charged in the indictment, and that he was convicted on hearsay testimony. These objections relate to the sufficiency of the evidence, and we have often held that they may not be raised on *habeas corpus*. *Hopkins v. Warden*, 213 Md. 634, 131 A. 2d 393; *Cunningham v. Warden*, 213 Md. 642, 131 A. 2d 394.

Second, he states that his conviction was based on evidence illegally obtained by the State without a search warrant. Under the provisions of Section 368, Article 27 (Code 1951), relating to prosecutions for narcotics violations, it is specifically provided that the Bouse Act (Article 35, Section 5, Code 1951 and 1957 Supp.) relating to illegal searches and seizures, shall not apply. Furthermore, this Court has on numerous occasions held that the legality of searches and seizures may not be raised on *habeas corpus*. *Shivers v. Warden*, 211 Md. 612, 125 A. 2d 671; *Meleganich v. Warden*, 213 Md. 648, 132 A. 2d 130.

Third, he asserts that he was improperly convicted by the uncorroborated testimony of accomplices to the crime. However, it is established that the sufficiency of the corroboration of the testimony of an accomplice can be raised on appeal, but not on *habeas corpus*. *Barker v. Warden*, 208 Md. 662, 666, 119 A. 2d 710.

Fourth, he contends that he was denied the right to consult counsel following his arrest. This objection also may be raised on appeal, but not on *habeas corpus*. *Roberts v. Warden*, 211 Md. 639, 126 A. 2d 857; *Hopkins v. Warden*, *supra*.

*Application denied, with costs.*

[H. C. No. 93, September Term, 1957.]

*Decided March 3, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.