STATE EX REL. DE LISLE v. WARDEN OF
MARYLAND PENITENTIARY

[H. C. No. 6, October Term, 1953.]

*Decided July 2, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDER-
SON and HAMMOND, JJ.

SOBELOFF, C. J., delivered the opinion of the Court.

The petitioner, James De Lisle, was convicted on a charge of violating the narcotic laws and sentenced to serve five years in the Maryland Penitentiary. He is applying for leave to appeal from a denial of the writ of *habeas corpus* by Judge Manley of the Supreme Bench of Baltimore City.

The following complaints are set out by the petitioner: (1) that he was tried and convicted without benefit of counsel; (2) that the evidence used against him was secured by an illegal search and seizure; (3) that the narcotic which he was charged with using had been prescribed by a medical doctor; and (4) that the penalty was in excess of the maximum provided by law.

As to the petitioner not having the "benefit of counsel", it has been held that a petitioner for a writ of *habeas corpus* has the burden of establishing that for want of counsel "an ingredient of unfairness operated actively in the process that resulted in his confinement". *Martucci v. Warden,* 202 Md. 648, 96 A. 2d 490; *Anglin v. Warden,* 201 Md. 665, 95 A. 2d 89; *Knott v. Warden,* 200 Md. 658, 90 A. 2d 177. Petitioner here does not allege that he requested counsel to be appointed. *Anglin v. Warden, supra.*

Concerning the use of evidence illegally obtained, Art. 27, Sec. 368 of the Annotated Code of Maryland (1951) provides that Art. 35, Sec. 5 of the Code, known as the "Bouse Act", is inapplicable in prosecutions for narcotic laws violations. The point cannot in any event be raised on *habeas corpus.*

Petitioner's claim that a doctor prescribed the narcotic goes to the question of the sufficiency of the evidence—a matter which cannot be considered on *habeas corpus. Carroll v. Warden,* 202 Md. 644, 92 A. 2d 449; *Sykes v. Warden,* 201 Md. 662, 93 A. 2d 549.

The section cited by petitioner to show that the maximum penalty is three years has been amended. Inasmuch as Chapter 466 of the Acts of 1951 now makes

possible a maximum sentence of five years in cases of first violations of the narcotics law, the petitioner's last contention has no merit.

*Application denied, with costs.*