## TRUELOVE v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 6, October Term, 1955 (Adv.).]

*Decided June 28, 1955.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application by Claude Truelove to appeal from a denial of his writ of *habeas corpus* by the Circuit Court for Wicomico County.

Petitioner, an adult, was tried, convicted and sentenced to three years in the Reformatory by a magistrate of Anne Arundel County for assault and battery. He grounds his application upon the fact that he was tried without counsel and was not advised that it was his responsibility to request counsel. He further avers that he was unacquainted with legal procedure, unable and unqualified to defend himself; that the failure to appoint counsel was in violation of his constitutional rights.

"Appointment of counsel by a magistrate is unheard of in Maryland, but * * * on appeal petitioner would have been entitled to a trial *de novo;* counsel could then have

been appointed, if necessary." *Ridgeley v. Warden of Maryland House of Correction,* 201 Md. 651.

As a fundamental matter, it is well settled that the Federal Constitution does not compel a state to furnish counsel as a matter of right, as is required by the Sixth Amendment in federal prosecutions; that the "Lack of counsel at state non-capital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice." *Gallegas v. Nebraska,* 342 U. S. 55, 96 L. Ed. 86.

This court has, upon numerous occasions, held that the traverser has the burden of showing that for want of counsel "an ingredient of unfairness operated actively in the process that resulted in his confinement." *Selby v. Warden of Maryland House of Correction,* 201 Md. 653; *Martucci v. Warden of Maryland House of Correction,* 202 Md. 648; *Daisey v. Warden of Maryland House of Correction,* 203 Md. 653; *Betts v. Brady,* 316 U. S. 455, 86 L. Ed. 1595; *Gibbs v. Burke,* 337 U. S. 773, 93 L. Ed. 1686.

The petition does not indicate that the petitioner was deprived of any of his fundamental rights, and the application is denied.

*Application denied, with costs.*