## DAISEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 8, October Term, 1953.]

*Decided July 2, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDER-SON and HAMMOND, JJ.

Leave is applied for by Emanuel Daisey to appeal from a denial of the writ of *habeas corpus* by the Circuit Court for Baltimore County (GONTRUM, J.).

Petitioner was tried before a trial magistrate, found guilty of assault and battery and sentenced to serve three years in the Maryland House of Correction. The petitioner contends that he was denied the benefit of court appointed counsel; that he was denied witnesses in his behalf; that he was denied the right to cross-examine witnesses; that he was denied bond; and that he requested an appeal to the Circuit Court for Wicomico County, which was denied.

There is no merit in petitioner's complaint concerning denial of court appointed counsel. This is not a case where a traverser claims that he was denied the right to have a lawyer, but merely that the Court refused to appoint one for him. He has not met the burden of showing that for want of the opportunity of counsel "an ingredient of unfairness operated actively in the process that resulted in his confinement". *Martucci v. Warden,* 202 Md. 648, 96 A. 2d 490; *Anglin v. Warden,* 201 Md. 665, 95 A. 2d 89; *Betts v. Brady,* 316 U. S. 455, 62 S. Ct. 1252; *Gibbs v. Burke,* 337 U. S. 773, 69 S. Ct. 1247.

A complaint that a defendant was refused an opportunity to obtain witnesses is reviewable on appeal, but not on *habeas corpus. Sears v. Warden,* Habeas Corpus Application No. 4, October Term, 1953, filed June 10, 1953; *Bowen v. Warden,* 202 Md. 646, 96 A. 2d 489.

As to petitioner's point that he was denied the right to cross-examine witnesses, this Court has held that the denial of the right to be confronted by witnesses may be raised on appeal and not on *habeas corpus. Jackson v. Warden,* 190 Md. 748, 60 A. 2d 524. We think that the same is true of a claim of denial of the right to cross-examine.

His argument with respect to bail must be raised on appeal and not by *habeas corpus.* It has been held by this Court that the fixing of excessive bail "does not vitiate the prisoner's conviction and therefore cannot be raised on *habeas corpus". Taylor v. Warden,* 201 Md.

656, 92 A. 2d 757; *Sykes v. Warden,* 201 Md. 662, 93 A. 2d 549.

Although petitioner complains that he was denied his right to appeal, the docket entries which are part of the record in this case show that he filed a motion to dismiss his appeal on September 11, 1952. Moreover, it has been held that denial of the right of appeal from a magistrate cannot be raised on *habeas corpus.* It should be raised by application to the lower court. *Paff v. Warden,* 200 Md. 660, 90 A. 2d 173, 174; *Sykes v. Warden,* 201 Md. 662, 93 A. 2d 549.

*Application denied, with costs.*