## LOCKMAN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 11, October Term, 1953.]

*Decided November 5, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

SOBELOFF, C. J., delivered the opinion of the Court.

Petitioner applies for leave to appeal from a denial of the writ of *habeas corpus* by Judge John B. Gray, Jr., in the Circuit Court for Prince George's County.

1. Petitioner contends that he pleaded guilty to false pretenses, but that the charge was afterwards changed to one of forgery. The act of which he was accused was obtaining money by passing a forged check. Accordingly, the indictment charged in four separate counts, (1) forgery, (2) uttering a forged instrument, (3) and (4) false pretenses. The docket entries show that he was furnished and acknowledged receipt of a copy of the indictment at least four days before his arraignment. He entered a plea of guilty generally and was sentenced to two years in the House of Correction. In this procedure, we find nothing irregular.

2. A second ground asserted by the petitioner is that he did not have counsel. He is a mature man of 32, and has not attempted to meet the burden of showing that "an ingredient of unfairness" entered the proceedings. Indeed, the transcript of the arraignment fails to show that he even requested Judge Joseph L. Carter in the Criminal Court of Baltimore City for counsel, although in answer to the Clerk he did say that he had no lawyer, meaning that he, rather than counsel, would enter the plea. Without protest he pleaded guilty. *Daisey. v. Superintendent,* 203 Md. 653, 98 A. 2d 99; *De Lisle v. Warden,* 203 Md. 649, 98 A. 2d 14; *Martucci v. Warden,* 202 Md. 648, 96 A. 2d 490.

3. He also complains that no witnesses were present in Court to establish his guilt. This states no ground for issuing a writ of *habeas corpus,* first because, when a defendant voluntarily pleads guilty, witnesses would seem not indispensable; and second, because the sufficiency of the evidence is not properly an issue in this type of proceeding, but on appeal only. *De Lisle v. Warden, supra; Strahl v. Warden,* 202 Md. 655, 97 A. 2d 134.

*Application denied, with costs.*