## CUMBERLAND *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 12, October Term, 1954.]

*Decided November 12, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a writ of *habeas corpus* by Judge Harris, in the Circuit Court for Allegany County. Petitioner was convicted on six charges of forgery in the Criminal Court of Baltimore and sentenced to a term of four years. He contends (1) that his arrest was illegal, (2) that he was held *incommunicado* for four days and not allowed to communicate with his family in an effort to obtain counsel, (3) that court-appointed counsel entered pleas of guilty to six of the charges without his consent and, in effect, denied him a jury trial, and (4) that the State produced no witnesses against him.

We have repeatedly held that after trial and conviction the legality of arrest cannot be inquired into upon *habeas corpus*. *Spence v. Warden*, 204 Md. 661. Nor can the extent or legality of his initial detention. *Bowie v.*

*Warden,* 190 Md. 728; *Taylor v. Warden,* 201 Md. 656; *Fisher v. Swenson,* 192 Md. 717. He admits that counsel was appointed to defend him, and there is no allegation that he complained to the court as to the conduct or competency of the counsel appointed. *Gillum v. Warden,* 200 Md. 656; *Thanos v. Superintendent,* 204 Md. 665. Nor is there any allegation that he objected to the pleas of guilty entered by his counsel. Counsel, of course, had a right to speak for the accused both in the matter of jury trial and plea of guilty. *Ahern v. Warden,* 203 Md. 672; *Adkins v. Warden,* 196 Md. 652; *State Ex Rel. Freeland v. Warden,* 193 Md. 696; *Battle v. Warden,* 190 Md. 720. If the defendant acquiesces, the point could not be raised even on direct appeal where the scope of review is far wider. *Banks v. State,* 203 Md. 488, 497; *Rose v. State,* 177 Md. 577, 581. Of course, if the plea of guilty was entered without objection in the presence of the accused, as we must assume, there was no occasion for the State to produce witnesses to prove the charges. *Lockman v. Warden,* 203 Md. 657; *State Ex Rel. Jordan v. Warden,* 191 Md. 753.

*Application denied, with costs.*