## LEEK v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 13, October Term, 1954.]

*Decided November 11, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of the writ of *habeas corpus* by Judge Warnken, of the Supreme Bench of Baltimore City. Petitioner was convicted in the Circuit Court for Washington County, upon appeal noted from a trial magistrate, of assault upon Robert D. Kline, a guard at the Maryland State Reformatory for Males. The docket entries show that he pleaded guilty and was sentenced on November 27, 1950, by Judge George Henderson, to two years in the House of Correction, sentence to begin at the expira-

tion of his then term of confinement. He is now serving the sentence complained of.

Petitioner contends (1) that he was not indicted but was tried on an information, and (2) that since he was placed in solitary confinement by the Superintendent, following the assault, his subsequent sentence constitutes double jeopardy.

On the first point it may be noted that Code (1951), Art. 52, sec. 13, provides that upon appeal by either party to the Circuit Court, the case shall stand for trial before the Circuit Court on the information or warrant. But the short answer to the contention is that it cannot be considered on *habeas corpus*. *Appitito v. Warden,* 197 Md. 687. Of course, after a voluntary plea of guilty it could not be raised even on direct appeal. On the second point, we have repeatedly held that a defense of double jeopardy can only be raised on motion for new trial or on appeal, and not on *habeas corpus*. *Brown v. Sheriff,* 200 Md. 663; *Zimmerman v. Warden,* 201 Md. 645; *Spence v. Warden,* 204 Md. 661. Here again, the effect of the plea of guilty would be to waive the defense in any event.

*Application denied, with costs.*