ZIMMERMAN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 13, October Term, 1952.]

*Decided November 11, 1952.*

Before MARKELL, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

MARKELL, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from denial of a writ of *habeas corpus.* Petitioner is imprisoned under sentence for two years upon conviction of contributing to the delinquency of an eight year old child. Petitioner alleges (without any explanatory facts) that "he was put in double jeopardy" and that various alleged "irregularities" occurred in his trial, *e.g.,* that after waiving hearing (and apparently praying a jury trial) before the Juvenile Court, he was never indicted nor arraigned, was tried without appointment of counsel, that the jury trial "was closed to the public", that he was jeopardized "in that previous record was brought up to jury while trial was in session"; that he told the court he wanted to appeal "but was refused". No request for appointment of counsel or circumstances making appointment of counsel necessary are alleged; nor any facts showing in what sense or to what extent his trial "was closed to the public", or whether with his consent. *Dutton v. State,* 123 Md. 373, 91 A. 417. Nor are facts alleged which made petitioner's previous "record" inadmissible or absence of facts which would make it admissible. The offense in question was properly tried without indictment. *Atwood v. Warden of Maryland*

*House of Correction,* 193 Md. 708, 709, 66 A. 2d 204. No facts are alleged which indicate that, in respect of appointment of counsel or otherwise, any fundamental right was denied. In respect of alleged procedural errors at the trial, *habeas corpus* cannot be made to serve the purpose of an appeal or a new trial. This is specifically true of a claim of double jeopardy. *Brown v. Sheriff,* 200 Md. 663, 91 A. 2d 392.

*Application denied, with costs.*