## BOWEN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 16, October Term, 1952.]

*Decided November 11, 1952.*

Before MARKELL, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

MARKELL, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from denial of a writ of *habeas corpus*. In denying a similar application (on different grounds) on July 15, 1952, we

650

said, "Petitioner in 1950 was convicted in Anne Arundel County of breaking and entering and sentenced to five years in the House of Correction, sentence was suspended for five years during good behavior and petitioner was 'paroled'. In 1951 petitioner was convicted of larceny in Baltimore County but not sentenced, and was in Anne Arundel County re-sentenced to five years in the House of Correction on violation of probation." *Bowen v. Warden,* 200 Md. 661, 90 A. 2d 174. Petitioner now contends that he is held on a "false commitment", in that the record in Anne Arundel County shows that on April 24, 1950 he pleaded guilty of breaking and entering, whereas petitioner now denies that he pleaded guilty and alleges that he pleaded not guilty after the judge refused to accept a plea of guilty of "entering" but not guilty of "breaking", and that the judge then refused to accept his plea of not guilty but "entered a plea of guilty" and sentenced him thereunder. The truth of these allegations he alleges he can prove by the testimony of three named witnesses and by the stenographer's minutes of the trial. In this court he asserts that on application to the Anne Arundel County court clerk for a copy of the testimony he was informed that the testimony had not been written up, the stenographer was no longer connected with the court and his whereabouts are unknown.

If petitioner did not actually plead guilty, sentence without conviction could have been reviewed on appeal, but not on *habeas corpus.* In connection with an appeal direct application could have been made to the lower court and to this court, if necessary, for correction of any error in the record. The basic error alleged was sentence without conviction, not failure of the record to show such erroneous action. Petitioner does not deny, but asserts, knowledge of the alleged basic error. Double jeopardy, which is also alleged, cannot be raised on *habeas corpus.* *Brown v. Sheriff,* 200 Md. 663, 91 A. 2d 392.

*Application denied, with costs.*