## SHAFFER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 17, October Term, 1956.]

636

*Decided November 2, 1956.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by Joseph Leslie Shaffer for leave to appeal from the denial of a writ of *habeas corpus.* He pleaded guilty to a charge of burglary and was sentenced by the Criminal Court of Baltimore to three years in the Maryland House of Correction.

Petitioner contends that he has a speech defect and that actually he pleaded not guilty and that the trial court mistook the plea to be one of guilty and before he could explain this to the court he had been sentenced. The transcript of the arraignment proceedings in the Criminal Court of Baltimore shows, Code (1951), Art. 42, sec. 5, that the Clerk of the Court notified Shaffer that he was charged with burglary and he was asked whether he received a copy of the indictment. Shaffer answered: "Yes." He was asked his age and he replied: "Nineteen." He was also asked: "How do you plead?", to which he replied: "Guilty." This shows that the trial judge, the stenographer and the Clerk understood that petitioner pleaded guilty. It is not conceivable that all of these should have been mistaken as to the plea. Petitioner further contends that certain necessary witnesses were available to him and due to the excitement and his speech defect he was not able to make the court understand concerning the nature and whereabouts of these witnesses. Alleged irregularities in the conduct of a trial are not reviewable on *habeas corpus. Barker v. Warden,* 208 Md. 662, 119 A. 2d 710; *Reeder v. Warden,* 196 Md. 683, 77 A. 2d 1.

Petitioner further contends that he was only nineteen years of age and below the average in mental capacity and was suffering from a congenital speech defect. He was asked by

the trial court whether he was represented by counsel and he indicated that he did not have counsel. To this remark the court made no reply, and when petitioner "spoke up" to ask whether counsel could be appointed for him, the trial court said "all right then" and requested the Clerk to continue the case "and ask for the pleading." At that point petitioner became excited and tried "to stammer out" that he wanted counsel appointed. There is nothing in the record before us to substantiate any of these statements made by the petitioner. *Stokes v. Warden,* 205 Md. 629, 106 A. 2d 78. It is a mere allegation by the petitioner. *Roberts v. Warden,* 206 Md. 246, 251, 111 A. 2d 597.

Petitioner had been previously convicted of unauthorized use of an automobile, and of malicious destruction of property at the Maryland State Reformatory. Apparently his physical and mental conditions were the same when he was convicted of those offenses as at the time of the trial in the instant case. He was familiar with court proceedings. It was said by Judge Hammond in *Truelove v. Warden,* 207 Md. 636, 638, 115 A. 2d 297: "As a fundamental matter, it is well settled that the Federal Constitution does not compel a state to furnish counsel as a matter of right, as is required by the Sixth Amendment in federal prosecutions; that the 'Lack of counsel at state non-capital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice.' *Gallegos v. Nebraska,* 342 U. S. 55, 96 L. Ed. 86. This Court has, upon numerous occasions, held that the traverser has the burden of showing that for want of counsel 'an ingredient of unfairness operated actively in the process that resulted in his confinement.' *Selby v. Warden of Maryland House of Correction,* 201 Md. 653; *Martucci v. Warden of Maryland House of Correction,* 202 Md. 648; *Daisey v. Warden of Maryland House of Correction,* 203 Md. 653; *Betts v. Brady,* 316 U. S. 455, 86 L. Ed. 1595; *Gibbs v. Burke,* 337 U. S. 773, 93 L. Ed. 1686." The petition does not show that the petitioner was deprived of any of his fundamental rights. Ordinarily there would be no occasion to appoint counsel where the plea is guilty.

*Application denied, with costs.*