# TYLER *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 17, October Term, 1954.]

*Decided December 29, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HEN-
DERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is a petition for leave to appeal from a denial of
a writ of *habeas corpus* by Judge Carter of the Supreme
Bench of Baltimore.

The appellant was indicted in 1952 on several charges
of forgery and larceny. On February 7, 1952, upon a
plea of guilty, he was sentenced to ten years in the
penitentiary. This sentence was suspended and he was
placed on probation for five years on condition that he
make restitution. On January 7, 1954, petitioner again
found himself facing numerous indictments for forgeries
and attempted false pretenses, and this time, he pleaded
not guilty. He was convicted of attempted false pre-
tenses and uttering a forged instrument and sentenced
to nine months in the Baltimore City jail. On January
15, 1954, Judge Moser struck out the 1952 probation
and reimposed the sentence which had been originally
given.

In his application, petitioner bases his right to relief
upon the following contentions: that he had no trial;
that he was not confronted with witnesses "(not even
a police officer)"; that he pleaded not guilty, when
arraigned on January 31, 1952, and was sentenced Feb-
ruary 7, 1952 without a trial, despite his plea of not
guilty.

Petitioner's allegation that he was sentenced without
a trial does not survive investigation. The records of
the Criminal Court of Baltimore show that he was
represented by counsel and that upon arraignment he
pleaded not guilty, but that this plea was changed to guilty
in open court at his trial on February 7, 1952. There
is nothing to indicate that he complained to the court
or, indeed, that he did not acquiesce in his counsel's
statement to the court that the plea was guilty. Under
the circumstances, the point could not be raised even on
direct appeal to this Court where the scope of review

is far wider than on *habeas corpus*. Therefore, clearly, it is not reviewable on *habeas corpus*. *Cumberland v. Warden*, 205 Md. 646; *Adkins v. Warden*, 196 Md. 652.

An allegation that an accused was not confronted by witnesses against him will not be grounds for granting a writ of *habeas corpus;* this goes only to the regularity of the proceedings and not to the jurisdiction of the court. *Hickman v. Warden*, 203 Md. 668; *Bowen v. Warden*, 202 Md. 646; *Sykes v. Warden*, 201 Md. 662. In any event, where a defendant pleads guilty, as in this case, it is not incumbent upon the State to produce witnesses or offer other evidence of the accused's guilt. *Lockman v. Warden*, 203 Md. 657; *Cumberland v. Warden*, 205 Md. 646.

*Application denied, with costs.*