# HICKMAN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 17, October Term, 1953.]

*Decided November 5, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by John Peter Hickman for leave to appeal from the denial of a writ of *habeas corpus* by Judge Patrick M. Schnauffer, of the Circuit Court for Frederick County.

Petitioner was tried for burglary and convicted on May 15, 1953, in the Criminal Court of Baltimore City and sentenced to a term of six years in the Maryland House of Correction. He gives many reasons why the writ should be granted. He claims that he was deprived a preliminary hearing. Failure to hold a preliminary hearing does not vitiate a criminal trial and cannot be raised on *habeas corpus.* *Sykes v. Warden*, 201 Md. 662, 93 A. 2d 549. He claims that he was unlawfully extradited. This does not vitiate a trial and therefore cannot be raised on *habeas corpus*. He contends that excessive bail was imposed. This cannot be raised on *habeas corpus*. *Daisey v. Supt.*, 203 Md. 653, 98 A. 2d 99, He further contends that false charges and accusations were made against him; that he was convicted without evidence; and that the police neglected to employ scientific methods suggested by him to prove his innocence. These all involve the question of guilt or innocence which may not be re-tried on *habeas corpus*. *DeLisle v. Warden*, 203 Md. 649, 98 A. 2d 14, and cases there cited.

Petitioner alleges that he was denied the right to be confronted by witnesses. This goes only to the regularity of the proceedings and not to the jurisdiction of the court and therefore cannot be raised on *habeas corpus*. *Bowen v. Warden*, 202 Md. 646, 96 A. 2d 489; *Sykes v. Warden*, 201 Md. 662, 93 A. 2d 519.

Petitioner also contends that he was prejudiced by "unlawful publicity". He does not state just what this publicity was and as to how it affected the trial of his case. This can be raised on appeal but not by a writ of *habeas corpus*.

Petitioner also alleges that he was denied his constitutional rights. Other than as hereinbefore stated, he sets out no facts showing how his rights were denied. The following was said by this Court in *Peoples v. Warden*, 198 Md. 688, 84 A. 2d 695: "He refers to various provisions of the Declaration of Rights and alleges that his rights were violated. No copy of the commitment or any docket entries, rulings or proceedings at the trial or relating to the charge, trial or sentence and no facts or circumstances showing any violation of fundamental or other rights are set out in or filed with the petition or contained in any supporting affidavit."

*Application denied, with costs.*