SPENCE *v.* WARDEN OF MARYLAND HOUSE
OF CORRECTION
[H. C. No. 25, October Term, 1953.]

*Decided March 17, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

Matthew Spence was convicted by the Criminal Court of Baltimore on a charge of larceny of an automobile, and was sentenced to imprisonment in the Maryland House of Correction for a term of eighteen months. He escaped from the House of Correction and was caught. In December, 1953, he was tried and convicted in the Circuit Court for Anne Arundel County on the charge of escape, and was sentenced to serve an additional term of six months. He is applying here for leave to appeal from denial of a writ of *habeas corpus*.

Petitioner contends that he was originally indicted for larceny and receiving stolen goods, and that he was twice placed in jeopardy. *Habeas corpus* cannot be made to serve the purpose of a new trial or an appeal to consider a contention of double jeopardy. *Bowen v. Warden of Maryland House of Correction*, 201 Md. 649, 92 A. 2d 384; *Zimmerman v. Warden of Maryland House of Correction*, 201 Md. 645, 92 A. 2d 450.

Petitioner contends that he was arrested unlawfully. The question whether a prisoner's arrest was illegal cannot be reviewed on *habeas corpus*. *Lewis v. Warden of Maryland Penitentiary*, 203 Md. 676, 100 A. 2d 803.

Petitioner asserts that he was innocent of the charge of larceny. The question of guilt or innocence or the sufficiency of evidence cannot be raised on *habeas corpus*. *Lombardi v. Warden, Maryland Penitentiary*, 203 Md. 664, 99 A. 2d 729; *Bonsuk v. Warden of Maryland House of Correction*, 203 Md. 671, 100 A. 2d 645.

Petitioner complains that he was not given compulsory process for witnesses. The complaint of a petitioner that he was denied the opportunity to obtain witnesses is reviewable on appeal, but not on *habeas corpus*. *Ridgeley v. Warden, Maryland House of Correction*, 201 Md. 651, 92 A. 2d 451; *Selby v. Warden of Maryland*

*House of Correction,* 201 Md. 653, 92 A. 2d 756; *Bowen
v. Warden, Maryland House of Correction,* 202 Md. 646,
96 A. 2d 489.

Petitioner complains that the trial Court failed to
appoint an attorney to represent him, and that he had
no money with which to employ an attorney. He asserts
that at the time of his arraignment he was informed by
the Court that no attorney would be appointed for him,
and he was instructed to secure his own attorney, if he
wanted one. A petitioner for *habeas corpus,* who com-
plains that he was not represented by counsel and that
he could not afford counsel of his own selection, must
allege facts tending to show that for want of counsel
an ingredient of unfairness operated actively in the
process that resulted in his confinement. *Selby v. Warden
of Maryland House of Correction,* 201 Md. 653, 92 A. 2d
756; *Martucci v. Warden, Maryland House of Correction,*
202 Md. 648, 96 A. 2d 490; *DeLisle v. Warden of the
Maryland Penitentiary,* 203 Md. 649, 98 A. 2d 14.

*Application denied, with costs.*