## WILLIAMS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 25, October Term, 1955.]

642

*Decided March 9, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

James Williams, a prisoner in the Maryland Penitentiary, has applied here for leave to appeal from the refusal of a writ of *habeas corpus.*

Petitioner alleges that he was arraigned in the Circuit Court for Dorchester County on October 31, 1952, on the charge of rape. He pleaded not guilty, and the Court appointed an attorney to defend him. His case was tried on November 13, 1952. At the close of the State's case, petitioner's attorney changed the plea to guilty. A juror was withdrawn and the trial judge accepted the plea. The judge thereupon sentenced petitioner to imprisonment for life.

*First.* Petitioner contends that he was held *incommunicado* and that he was forced by threats and abuse to make certain statements. However, he does not say that these statements were admitted in evidence, and he pleaded guilty.

*Second.* Petitioner contends that he was not properly defended, his attorney having refused to investigate the facts and to issue summons for his witnesses.

The contention of a prisoner that he was not given compulsory process for witnesses in a criminal prosecution can be raised on appeal, but cannot be raised on *habeas corpus.* Denial of an opportunity to obtain witnesses at a trial goes only to the regularity of the proceeding, not to the jurisdiction of the trial court. *Bowen*

*v. Warden of Maryland House of Correction*, 202 Md. 646, 96 A. 2d 489; *Spence v. Warden of Maryland House of Correction*, 204 Md. 661, 103 A. 2d 345; *Cummings v. Warden of Maryland House of Correction*, 206 Md. 637, 111 A. 2d 596.

*Third.* Petitioner complains because his attorney changed the plea to guilty. He contends that he was consequently denied the right of trial by jury.

Under the early practice of the common law, when the accused in a criminal prosecution was arraigned, he was brought before the bench to plead in person, and his attorney could not enter a plea of guilty for him. It is now generally accepted that a plea of guilty may be entered by the attorney for the accused where the defendant is present, understands what is being done, and acquiesces in the plea. *Banks v. State*, 203 Md. 488, 102 A. 2d 267.

Of course, an attorney should not enter a plea of guilty for his client against his wishes. But in this case there is no allegation that petitioner made any objection when his attorney entered the plea of guilty.

*Application denied, with costs.*