## PLATER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 26, October Term, 1956.]

630

*Decided November 1, 1956.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Gray, in the Circuit Court for Prince George's County. Petitioner was convicted and sentenced to ten years in the House of Correction, from December 17, 1955, by Judge Byrnes, in the Criminal Court of Baltimore, on a charge of robbery with a deadly weapon. In his application to Judge Gray he stated that he was indicted jointly with one Lester, that the same attorney who had been employed by Lester and appeared for him, was appointed by the court to represent the petitioner, that the attorney disregarded his request for a jury trial and for a severance, and that the attorney was disqualified by interest to act for him and did not properly represent him. Judge Gray held a hearing in the matter, at which the petitioner testified as did the attorney in question. After full consideration, Judge Gray dismissed the petition on the ground that the allegations of fact were not supported, and remanded the prisoner.

We find no error in Judge Gray's action. The record shows that at the time of his arraignment the petitioner indicated that he desired to employ Mr. Freedman, who had previously represented him, and that he had talked to Mr. Freedman, but had been unable to get his mother to pay him a fee. The court indicated that he would appoint counsel, if advised promptly of his inability to raise a fee. When subsequently informed that the petitioner had been unable to obtain funds, the court appointed Mr. Freedman. The docket entries show that the appearance of Mr. Freedman was duly entered for the petitioner, and that a jury trial was waived in the peti-

tioner's presence. The record does not show that the petitioner objected to the appointment of Mr. Freedman as his counsel, or made any other objection to his representation during the trial.

The petitioner now claims that Mr. Freedman was disqualified to represent him, because of the prior employment by his co-defendant of which he was well aware. But we find no showing in this case that the interests were antagonistic. Upon petitioner's own statement of facts, he admits that he and Lester went to the residence of one Johnson to buy liquor; that he had had a previous controversy with Johnson over a sum of money he claimed had been taken from him on the premises, which Johnson had refused to repay; that he fired at least one shot from a pistol that he said belonged to Lester, not with intent to rob, but "to discourage an attack on his person"; and that he took a bag containing money, which he claimed that Johnson had dropped on the floor. The petitioner took the stand but Lester did not. The damaging testimony, aside from his own admissions, came from Johnson, the State's witness. The petitioner was found guilty and Lester was acquitted.

We think there is no showing of prejudice here, such as was shown in the cases of *Glasser v. United States,* 315 U. S. 60, and *Wright v. Johnston,* 77 F. Supp. 687. Cf. *United States v. Bernett,* 103 F. Supp. 39. The appointment here was of the same attorney whom the petitioner had sought to employ, with full knowledge of his prior employment by the co-defendant. Nor was there any showing of timely objection on the part of the petitioner to the trial court, on this or any other ground. Cf. *Ahern v. Warden,* 203 Md. 672, and *Cumberland v. Warden,* 205 Md. 646.

*Application denied, with costs.*