## WALKER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 29, October Term, 1955.]

*Decided March 28, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The petitioner, John C. Walker, asks leave to appeal from an order by Judge Charles C. Marbury, sitting in the Circuit Court for Prince George's County, denying the petitioner's application for a writ of *habeas corpus*.

The petitioner was tried before a jury in the Criminal Court of Baltimore on a charge of burglary on October 14, 1955. He was convicted and was sentenced by Judge John T. Tucker to three years' imprisonment in the House of Correction. He asserts his innocence and claims that his conviction was in violation of his constitutional rights under both the Federal and the State Constitutions because, although the court told him at the time of his arraignment that certain named counsel would be appointed for him, no counsel was appointed to represent him. (The name of the lawyer alleged to have been mentioned is not stated.)

Judge Marbury, in passing upon the application, had before him a certified copy of the docket entries in the Criminal Court of Baltimore and a transcript of the proceedings at the time of the petitioner's arraignment and a copy of a medical report relating to the petitioner. These were public records which were properly taken into consideration by him under Code (1951), Article 42, Section 5, in determining whether or not the writ should be granted. A letter from the Judge before whom the petitioner was tried does not, we think, constitute a public record and hence was not properly before the Judge to whom application was made for the writ and we

have therefore disregarded it in reaching our conclusion.

The docket entries show that the indictment against Walker was returned on September 2, 1955, and that a copy of it was served on him on that day and that he gave a receipt for it. He was arraigned with a co-defendant, Jimmie Coughman, on September 9th. Coughman pleaded guilty, Walker, not guilty. Walker was asked by the court if he had ever been in a mental institution and denied that he had been. The Judge then said that he would get a medical report. The accused accordingly was examined by the Chief Medical Officer for the court. His report, dated October 10, 1955, was filed, as a docket entry shows, on October 14, 1955, and was presumably in the hands of the Judge before the trial began on that day. The medical history therein contained does not show that the applicant had ever been in a mental institution, and the medical report stated that he was a responsible agent.

The question of guilt or innocence cannot be raised on *habeas corpus,* as has been repeatedly held by this court. A recent decision to that effect is *Medley v. Warden of Maryland House of Correction,* 207 Md. 634, 115 A. 2d 287.

On the matter of the alleged denial of counsel, the transcript of proceedings at the petitioner's arraignment shows no request by him for the appointment of counsel and no statement by the court with regard to the appointment of counsel. Consequently, it does not support, but negatives, his claim that the court offered to appoint counsel for him and then failed to do so. We therefore consider the case simply as one in which the accused was not represented by counsel. The petitioner was forty-four years old at the time of the trial. At his arraignment he admitted having been in court before and his record indicates that he has had experience in criminal proceedings. The burden is upon the petitioner to show affirmatively that as a result of the absence of counsel any ingredient of unfairness actively operated in the process that resulted in the petitioner's confinement. We think

that this burden has not been met and that his petition was, therefore, properly denied. *Quicksall v. Michigan,* 339 U. S. 660; *Williams v. Warden of Maryland Penitentiary,* 200 Md. 651, 89 A. 2d 228; *Truelove v. Warden of Maryland House of Correction,* 207 Md. 636, 115 A. 2d 297; *Presley v. Warden of Maryland Penitentiary,* 201 Md. 660, 92 A. 2d 754.

As not infrequently occurs in *habeas corpus* proceedings, the petitioner undertook to expand the grounds upon which he seeks the writ after his petition had been considered and denied. These new allegations are not properly before us on this application for leave to appeal from the denial of his petition.

*Application denied, with costs.*