## BALLAM *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 1, October Term, 1950.]

*Decided July 18, 1950.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

Adrian W. Ballam filed this application for leave to appeal from refusal of a writ of *habeas corpus.*

Petitioner alleges that in November, 1949, he was sentenced by the Criminal Court of Baltimore to the Maryland House of Correction, but that he was denied his constitutional rights because he was misinformed of the true nature of the charges against him and he did not receive a copy of the indictment as required by the Maryland law. He says that he was not given an opportunity to prepare a suitable defense.

The statute requires that in every indictment or information for the alleged commission of a criminal offense in this State, the accused shall be furnished a copy thereof as soon as practicable after the same shall have been prepared, and at the expense of the prosecuting authority. Laws of 1949, ch. 757. However, even assuming the truth of petitioner's statement that he did not receive a copy of the indictment, such fact would not entitle him to release on *habeas corpus*. *Fisher v. Swenson*, 192 Md. 717, 64 A. 2d 124, *certiorari* denied 337 U. S. 933, 69 S. Ct. 1489, 93 L. Ed. 1740.

We find no merit in petitioner's contention that he did not have time to prepare his defense. He admits that he pleaded guilty to the charge against him. He does not say that he requested the Court to appoint an attorney to represent him and that his request was refused. He does not show that he was deprived of any constitutional rights.

Petitioner complains to this Court that the Judge who refused his petition for *habeas corpus* failed to make a statement in explanation of the refusal such as is required by the law. The statute directs that the Judge shall file a substantial but succinct statement setting forth the grounds of the application, the questions involved, and the reasons of the Court for the action taken. Laws of 1947, ch. 625, Code Supp. 1949, art. 42, sec. 3B. The requirement of this statement is not a right of the petitioner, but is intended to facilitate disposition of the case in the Court of Appeals.

*Application denied, without costs.*