STRAIT *v.* BEALL, SHERIFF OF PRINCE GEORGE'S COUNTY

[H. C. 3, October Term, 1951 (Adv.)]

*Decided June 15, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus* by Judge J. Dudley Digges.

Petitioner alleges that his sole cause of detention is a bench warrant issued out of the Circuit Court for Prince George's County "on an indictment returned by the Grand Jury for said County on the 10th day of April, 1951, charging appellant with the crimes of rape, assault with intent to rape and assault and battery. The sole question presented is whether said indictment is void, and the appellant should be released from custody because the only evidence upon which the indictment was found was received from witnesses who were not sworn in open Court or in the presence of the Court or in the presence of one of the Judges thereof. * * * Said witnesses, before testifying were sworn by one of the deputy clerks of the Court in a room widely separated from each of the Circuit Court rooms, and out of the presence of the Court and all the Judges thereof, and out of the presence of the Clerk's docket". Petitioner has not yet been tried on the indictment.

Petitioner contends that the grand jury finding the indictment had no jurisdiction and the Court has no jurisdiction of the petitioner as the result of the bench warrant and indictment so found. This is not a jurisdictional question. The subject of jurisdiction was recently fully discussed by this Court in the case of *Lambros v. Brown*, 184 Md. 350. See also *Berlinsky v. Eisenberg*, 190 Md. 636, 638. It was said by the Supreme Court of the United States in the majority opinion in *Sunal v. Large*, 332 U. S. 174, 67 S. Ct. 1588: "It is plain, however, that the writ [*habeas corpus*] is not designed for collateral review of errors of law committed by the trial

court—the existence of any evidence to support the conviction, *irregularities in the grand jury procedure,* departure from a statutory grant of time in which to prepare for trial, and other errors in trial procedure which do not cross the jurisdictional line. Cf. *Craig v. Hecht,* 263 U. S. 255, 44 S. Ct. 403, 68 L. Ed. 293." (Emphasis supplied).

It was recently said by this Court in *Loughran v. Warden of Maryland House of Correction,* 192 Md. 719, 723, 724, 64 Atl. 2d 712, at page 723: "The legal sufficiency of evidence before the grand jury, if reviewable at all, is not reviewable on *habeas corpus. Bernard v. Warden of Maryland House of Correction,* 187 Md. 273, 280, 49 A. 2d 737. The competency of evidence before the grand jury is not reviewable at all. *Pick v. State,* 143 Md. 192, 121 A. 918. * * * In exceptional cases where fundamental rights have been violated in the course of the trial, and such violation has not only resulted in conviction, but has likewise prevented resort to the remedy of appeal, the writ of *habeas corpus* may be the only effective means of preserving such rights. *Waley v. Johnston,* 316 U. S. 101, 62 S. Ct. 964, 86 L. Ed. 1302; *Marino v. Rogen,* 332 U. S. 561, 68 S. Ct. 240; *Olewiler v. Brady,* 185 Md. 341, 344, 345, 44 A. 2d 807. * * * This Court has always held that *habeas corpus* is not a proper remedy when the remedy by appeal is or was available and the judgment is not a nullity."

In Maryland courts, jurisdiction on *habeas corpus* is more definitely restricted than in the federal courts. The Supreme Court has no original jurisdiction in *habeas corpus* cases as such, but unlike this court may exercise its appellate jurisdiction not only on writ of error or appeal but also, rarely, on *habeas corpus. Ex parte Virginia,* 100 U. S. 339; *Ex parte Young,* 209 U. S. 123; *Ex parte Quirin,* 317 U. S. 1. In the *Loughran* case, supra, we recognized that, with respect to prosecutions for federal offenses, "the federal courts have discretionary power (exercised in exceptional cases not clearly defined) to review on *habeas corpus* convictions under

680

unconstitutional statutes and in other cases which might have been reviewed on appeal," (cases cited). We recognize no such discretionary power in Maryland.

There being no fundamental rights or exceptional circumstances here which cannot be raised by proper procedure, the application will be denied.

*Application denied, with costs.*