## RICAIL *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 5, October Term, 1956 (Adv.).]

*Decided July 12, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a writ of *habeas corpus* by Judge Warnken, of the Supreme Bench of Baltimore City. The petitioner was convicted of larceny by Judge James MacGill of the Circuit Court for Howard County and sentenced to eighteen months in the Maryland House of Correction.

The petitioner contends that there now exists new evidence which not only is itself relevant, but which would require the production of witnesses who were not available at the trial. Petitioner further contends that his request for a jury trial before the Howard County Court was denied.

The docket entries refute the second contention of petitioner. The petitioner, on arraignment, elected to be tried by the court without a jury, his counsel making known the choice. In any event we have held that a claim of denial of jury trial cannot be raised on *habeas corpus*. *Ahern v. Warden,* 203 Md. 672.

Petitioner's contention that he now has new evidence in his possession, namely, a check representing the amount received from the sale of pipe which he is accused of stealing, cashed by another, is likewise without merit. Petitioner cannot make use of *habeas corpus* to offer evidence of an alibi or other proof of innocence. *Buffington v. Warden,* 201 Md. 642. In short, as stated in *Rountree v. Wright,* 189 Md. 292, where one of petitioner's contentions was that he had newly discovered evidence that he did not commit the crime of which he was accused, the question of guilt or innocence, and the sufficiency of evidence to convict, cannot be retried on *habeas*

corpus. *Medley v. Warden,* 207 Md. 634; *Martucci v. Warden,* 202 Md. 648. Petitioner here is merely attempting to have *habeas corpus* procedure serve as an appeal or as a motion for a new trial and this he cannot do. *Buffington v. Warden, supra.*

*Application denied, with costs.*