## FRANCE *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 5, October Term, 1954.]

*Decided November 11, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a writ of *habeas corpus* by Judge Woodward, in the Circuit Court for Montgomery County. The petitioner was convicted of assault and false pretenses by Judge Carter, in the Criminal Court of Baltimore, and sentenced to terms of three years to run concurrently.

We need not consider at length the petitioner's contention that the court erred in accepting the testimony of the petitioner's wife as to the alleged assault, which he claims was perjured. We have repeatedly held that, in the absence of definite facts showing collusion or

positive knowledge by the State's Attorney as to alleged perjured testimony, such allegations are insufficient to justify the granting of the writ. Cf. *Thanos v. Superintendent,* 204 Md. 665, and *Reeder v. Warden,* 196 Md. 683.

The main contention is that he was tried without benefit of counsel to represent him. The record does not show that he ever asked the trial court to appoint counsel, although he did inform the trial court that he had no counsel and was without funds to employ one. Cf. *Lockman v. Warden,* 203 Md. 657. As we have frequently pointed out, there is no absolute requirement that counsel be appointed in every case; the burden is upon the petitioner to show that for want of benefit of counsel an ingredient of unfairness operated actively in the process that resulted in his confinement. *Selby v. Warden,* 201 Md. 653; *Daisey v. Warden,* 203 Md. 653, and cases there cited. Petitioner was thirty-two years of age, and had served for twelve years in the Army. He contends that he had recently been released from a mental institution and was in such a state of "confusion, bewilderment and helplessness" as to be unable to conduct his own defense. However, the record shows that Judge Carter adjourned the trial after the arraignment from April 29 to May 28, in order to obtain a pre-trial medical report as to the mentality of the accused from Dr. Guttmacher, the medical and psychiatric adviser to the court. After an elaborate study, Dr. Guttmacher gave as his impression that the accused had good intellectual endowments and was, in his opinion, fully responsible, despite a distorted personality makeup. The accused took an active part in his own defense.

In denying the petition for the writ Judge Woodward said: "A study of the medical report, an examination of the statements made at the time of arraignment, and all the other circumstances of the case, fail to convince the court that there was any ingredient of unfairness in the trial of this man." We agree.

*Application denied, with costs.*