## MEDLEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 5, October Term, 1955 (Adv.).]

*Decided June 22, 1955.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

The applicant, John P. Medley, seeks leave to appeal from the denial of a writ of *habeas corpus* by Judge Rex A. Taylor of the Circuit Court for Wicomico County.

Medley was tried, found guilty and sentenced to a six year term in the Maryland House of Correction for forgery. In his application, he contends: 1, that he is innocent; 2, that the evidence used against him was obtained by an illegal search and seizure; 3, that such evidence was insignificant and insufficient; 4, that the State failed to show and allege in writing where anyone had been defrauded; 5, that it was variance to charge him with counterfeiting and forgery and only find him guilty of forgery.

In reply to the first three contentions it is to be noted: the question of guilt or innocence cannot be raised on *habeas corpus*. *Thanos v. Supt.*, 204 Md. 665; *Tutt v. Warden*, 199 Md. 691; *Chinquina v. Warden*, 198 Md. 658; the legality of a search and seizure may be raised on appeal, but may not be relied on to support a petition of *habeas corpus*. *Laslo v. Warden*, 204 Md. 663; *Dodson v. Warden*, 201 Md. 655; *Presley v. Warden*, 201 Md. 660; *Bowen v. Warden*, 200 Md. 661; an attack upon the sufficiency or legality of the evidence used to convict cannot be used as a basis for the issuance of the writ of *habeas corpus*. *Chinquina v. Warden, supra; Tutt v. Warden, supra; Sykes v. Warden*, 201 Md. 662; *Thanos v. Supt., supra; Thompson v. Warden*, 198 Md. 668; *Spence v. Warden*, 204 Md. 661.

The fourth and fifth contentions question the propriety of the information and indictment. We think these latter contentions were well answered in *Bergen v. Warden,* 201 Md. 641, where Judge Markell said for the Court: "If the indictment was defective, or unsupported by evidence or petitioner in any respect was denied a fair and impartial trial, objections at the trial on any such grounds could have been reviewed on motion for a new trial or on appeal. As Judge France said in denying a writ of *habeas corpus,* the writ cannot be made to serve the purpose of an appeal, or a new trial of the question of guilt or innocence." *Bowie v. Warden,* 201 Md. 648; *Strahl v. Warden,* 202 Md. 655; *Ahern v. Warden,* 203 Md. 679. We might add that this Court, in *Carroll v. Warden,* 205 Md. 631, held: "It is permissible to join in the same indictment counts for two or more misdemeanors, or two or more felonies and misdemeanors, so long as they present different aspects of the evidence of the same offense as in the instant case, or different offenses of the same general nature." *Bowser v. State,* 136 Md. 343; *Simmons v. State,* 165 Md. 155; *Debinski v. State,* 194 Md. 355.

*Application denied, with costs.*