## FRAZIER *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 9, October Term, 1954.]

*Decided November 17, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

William T. Frazier was convicted by the Criminal Court of Baltimore on September 22, 1953, on the charge of receiving stolen goods and was sentenced to the Maryland Penitentiary for the period of eight years. He is applying here for leave to appeal from an order of Judge Moser remanding him to the Penitentiary after a hearing on a writ of *habeas corpus.*

First, petitioner complains because the Criminal Court failed to appoint an attorney to represent him at his trial. He testified at the hearing before Judge Moser that he was 54 years old and had been convicted five or six times. It does not appear that lack of counsel resulted in an unfair trial. *Baker v. Warden of Maryland House of Correction,* 200 Md. 653, 89 A. 2d 307; *Selby v. Warden of Maryland House of Correction,* 201 Md. 653, 92 A. 2d 756; *Presley v. Warden of Maryland House of Correction,* 201 Md. 660, 92 A. 2d 754.

Secondly, petitioner contends that the testimony produced at his trial was not true. The question of the truth of testimony cannot be reviewed on *habeas corpus. Harris v. Warden of Maryland Penitentiary,* 199 Md. 685, 688, 86 A. 2d 168, *certiorari denied, Harris v. Swenson,* 343 U. S. 931, 72 S. Ct. 766, 96 L. Ed. 1340.

Thirdly, petitioner contends that the sentence of eight years is cruel and unusual punishment. The Maryland Declaration of Rights contains two prohibitions against cruel and unusual punishment. Article 16 declares that

"* * * no Law to inflict cruel and unusual pains and penalties ought to be made in any case, or at any time, hereafter." Article 25 provides: "That excessive bail ought not to be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted by the Courts of Law."

Generally, any punishment authorized by a statute and imposed by a court within the statutory limits is not "cruel and unusual punishment" within the prohibition of the Maryland Declaration of Rights and is not subject to review by the Court of Appeals, even on appeal from the judgment. *Von den Bosch v. Swenson,* 194 Md. 715, 70 A. 2d 599; *Delnegro v. State,* 198 Md. 80, 81 A. 2d 241; *Baldwin v. Warden of Maryland House of Correction,* 201 Md. 657, 92 A. 2d 739. If a convicted defendant believes his sentence is too severe, he may seek redress by applying to the executive authorities. *Owens v. Warden of Maryland House of Correction,* 190 Md. 737, 60 A. 2d 184.

The Maryland Code provides that any person convicted of the crime of receiving stolen money, goods, or chattels, knowing the same to be stolen, shall restore the same to the owner thereof, or make restitution to the value of the whole or such part thereof as shall not be restored, and shall be sentenced to imprisonment for not more than ten years. Code 1951, Code Supp. 1954, art. 27, sec. 562. We find no merit in petitioner's contention that the punishment imposed upon him is cruel and unusual, as the sentence was less than the maximum penalty prescribed by the statute.

*Application denied, with costs.*