## HARRIS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 18, October Term, 1951.]

*Decided February 8, 1952 .*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by Ronald Harris for leave to appeal from the denial of a writ of *habeas corpus* by Judge Michael J. Manley.

This petitioner was sentenced to the Maryland Penitentiary by Judge Tucker for ten years in two cases of larceny, two cases of burglary, and one case of unlawful use of an automobile. A few days after he started to serve his sentence a detainer was placed against him by reason of an indictment for robbery and assault with intent to rob. Petitioner demanded trial on that indictment. *See Harris v. State,* 194 Md. 288, 71 A. 2d 36. Trial was granted and as a result he was sentenced to ten years in the Maryland Penitentiary to begin at end of the ten year sentence. The record shows that not only Judge Manley, but Judges Byrnes and Horney have denied his applications for writs of *habeas corpus* based on the trial in Prince George's County.

The petitioner alleges here that he made application for a speedy trial but was denied the same. This same argument was presented in the case of *Harris v. State, supra,* which involved the quashing of the indictment. This Court there held in an opinion by Judge Grason that there had been no denial to appellant of a right to a speedy trial under the circumstances fully set forth therein. It is not necessary to repeat what was said in that case and to again set out the numerous authorities therein cited. The additional letters submitted on this question present nothing new for the Court's consideration. These could have been presented in that case. Also, *habeas corpus* will not lie to correct an issue of fact which has been adjudicated even though wrongly determined. *Tyson v. Warden,* 198 Md. 652, 80 A. 2d 613. *Copeland v. Wright,* 188 Md. 666, 53 A. 2d 533.

Also, *habeas corpus* is not the proper remedy when a remedy by appeal is or was available. *Carroll v .Warden,* 197 Md. 685, 80 A. 2d 36. *Wilson v. Warden,* 198 Md. 663, 80 A. 2d 897.

Petitioner also alleges that he requested a bill of particulars but this was denied. This Court has held that such a demand is addressed to the sound discretion of the trial court and will not be reviewed on appeal "unless there is some gross abuse of discretion resulting in injury to the accused". *Leon v. State,* 180 Md. 279, 285, 23 A. 2d 706. This is not a matter for review on *habeas corpus.*

Petitioner further alleges that the witnesses before the grand jury were not properly sworn because they were sworn by the Deputy Clerk in an anteroom outside the court room and not "in the presence of the Court". We held in the case of *Strait v. Beall,* 198 Md. 677, 84 A. 2d 697, that this was not a matter for review on *habeas corpus.*

He also claims that the witnesses before the grand jury perjured themselves. In the case of *Loughran v. Warden,* 192 Md. 719, 723, 64 A. 2d 712, 714, we held that "the legal sufficiency of evidence before the grand jury, if reviewable at all, is not reviewable on *habeas corpus*". The allegation that a conviction had been obtained through perjured testimony will not be considered on *habeas corpus. Billman v. Warden,* 197 Md. 683, 79 A. 2d 540.

The petitioner further alleges that the court refused to allow him, acting as his own attorney, to examine the prospective jurors. This is a matter within the sound discretion of the trial judge and may be reviewed on appeal. *Cohen v. State,* 173 Md. 216, 224, 195 A. 532, 196 A. 819; *Corens v. State,* 185 Md. 561, 564, 45 A. 2d 340. *Habeas corpus* is not the proper remedy when there is a remedy by appeal. *Carroll v. Warden, supra; Wilson v. Warden, supra.* There is nothing in the record to substantiate this contention. *Wilson v. Warden, supra; Cave v. Raymond,* 198 Md. 675, 81 A. 2d 461.

He also claims that the Court accepted the uncorroborated testimony of an accomplice and that the victim could not identify petitioner in a police line-up in 1944, but was able to identify him as a participant in the crime six years later. It has been said many times by this Court that the legal sufficiency of the evidence, the question of guilt or innocence, or the commission of perjury by witnesses cannot be raised on *habeas corpus*. *Chinquina v. Warden*, 198 Md. 658, 80 A. 2d 612. *Thompson v. Warden*, 198 Md. 596, 81 A. 2d 596. The application will be denied.

*Application denied, with costs.*