## BROWN *v.* SHERIFF OF PRINCE GEORGE'S COUNTY

[H. C. No. 18, October Term. 1952.]

*Decided October 8, 1952.*

Before MARKELL, C. J., DELAPLAINE, COLLINS and HENDERSON.

MARKELL, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from an order remanding petitioner after hearing on a writ of *habeas corpus.* The petition for *habeas corpus* alleges that petitioner is unlawfully detained in the county jail, that on July 23, 1952 he was tried before a trial magistrate on the charge of assault and battery and was found guilty and sentenced to 30 days in jail and has served his sentence. Respondent's answer alleges that petitioner is detained in custody, awaiting the action of the grand jury, by reason of commitments issued by a trial magistrate wherein petitioner is charged with "rape and assault with intent to rape". It appears that the alleged offense was committed against a girl 9 years old. The Attorney General treats the charge of "rape" as including or meaning "statutory rape". (Code, Art. 27, sec. 545). The commitments are not before us. The

record, and the judge's statement (1947 Supp., Art. 42, sec. 3B), contain no testimony or summary of testimony at the trial before the trial magistrate or at the hearing on *habeas corpus*.

Petitioner contends that assault and battery is a necessary element of rape, that conviction of assault and battery merges the lesser offense, assault and battery, in the greater, rape, and bars prosecution for rape under the doctrine of double jeopardy. The lower court held that conviction of rape might bar subsequent prosecution for assault and battery, but conviction of assault and battery did not bar the prosecution for rape or assault with intent to rape. If the question of double jeopardy were properly before us, we are by no means prepared to accept, without direct evidence, the assumptions or inferences of fact implicit in petitioner's contentions. In indictments for rape, a count charging common assault is frequently included, not in order to convict of both the whole and an inseparable part of one offense, but to meet the contingency that the evidence may show misconduct which does not constitute rape but does constitute assault and battery.

The question of double jeopardy, however, is not properly before us. If double jeopardy is a defense to the charge of rape or assault with intent to rape, this defense may and must be made at the trial of the rape case and, after an adverse verdict on appeal or motion for a new trial. *Habeas corpus* cannot be made to serve the purpose of an appeal or a motion for a new trial. *Loughran v. Warden,* 192 Md. 719; *Bennington v. Warden,* 190 Md. 752, 754. Most of the many cases in which we have so held were cases of resort to *habeas corpus* after failure to appeal. But, upon due consideration, we have held the same principle applicable to an attempt to anticipate a defense by resort to *habeas corpus* before trial. *Strait v. Beall,* 198 Md. 677, 84 A. 2d 697.

*Application denied, with costs.*