## CANTER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 21, October Term, 1954.]

*Decided April 21, 1955.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

This application was filed by William Canter for leave to appeal from the refusal of a writ of *habeas corpus.*

Petitioner alleged that in July, 1954, he was found guilty by a jury in the Circuit Court for Prince George's County on the charge of robbery with a deadly weapon, and that he was sentenced to the Maryland State Reformatory for Males for a term not to exceed six years, but he was later transferred to the Maryland House of Correction.

Petitioner contended that the evidence produced at his trial was not sufficient to prove the charge against him, but that the whole case was simply "the word of one man against another." We must repeat the rule that *habeas corpus* cannot be made to serve the purpose of an appeal or a new trial to review the question of the guilt or innocence of the petitioner. The contention that the evidence produced at the petitioner's trial did not prove that he had committed the crime with which he was charged cannot be considered in a *habeas corpus* proceeding. *Laslo v. Warden of Maryland House of Correction,* 204 Md. 663, 103 A. 2d 342; *Friedel v. Warden of Maryland Penitentiary,* 205 Md. 657, 109 A. 2d 50; *Cummings v. Warden of Maryland House of Correction,* 206 Md. 637, 111 A. 2d 596.

Petitioner also stated that he unfortunately had a prior criminal record, and that the Court in the charge to the jury was so prejudiced against him that he was convicted "before the jury revealed its decision." This allegation, in the absence of any specific facts, is too general to warrant the issuance of a writ of *habeas corpus. Hickman v. Warden of Maryland House of Correction,* 203 Md. 668, 99 A. 2d 730; *Williams v. Warden of the Maryland Penitentiary,* 205 Md. 633, 109 A. 2d 49.

*Application denied, with costs.*