## WHITLEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION
[H. C. No. 23, October Term, 1955.]

630

*Decided February 9, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

We find nothing in this application for leave to appeal from the denial of the writ of *habeas corpus* to justify the relief sought. Petitioner was acquitted of sodomy but convicted of attempted sodomy with a certain animal and cruelty to a certain animal. He asserts that his acquittal of sodomy makes inconsistent the findings of guilty on the other charges, that the witnesses committed perjury, that the evidence was insufficient to convict, and that there was no testimony whatsoever as to cruelty. Finally, he says he was the victim of a conspiracy to convict him, based on racial discrimination. There was no inconsistency in the verdicts reached for obviously one may be innocent of an act and guilty of attempt to commit the act. We have held time and time again that in

the absence of facts establishing the knowing participation by the State's officers in the use of perjured testimony, the mere allegations it was used are insufficient to justify the issuance of the writ. *France v. Warden,* 205 Md. 636; *Johns v. Warden,* 205 Md. 644.

The claims as to the insufficiency and lack of evidence could have been raised on appeal but are not available to support the application for the writ of *habeas corpus.* *Medley v. Warden,* 207 Md. 634; *Smith v. Warden,* 207 Md. 628; *Canter v. Warden,* 207 Md. 616; *Cummings v. Warden,* 206 Md. 637; *Johns v. Warden,* 205 Md. 644, *supra.*

The allegation as to racial discrimination rests solely on the claim that three of the witnesses against petitioner were colored and clearly is without substance or merit. *Bell v. Warden,* 207 Md. 618; *Lewis v. Warden,* 203 Md. 676.

*Application denied, with costs.*