## BELL *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 23, October Term, 1954.]

*Decided April 21, 1955.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

William R. Bell has applied here for leave to appeal from the denial of a writ of *habeas corpus.*

Petitioner alleged that in 1954 he pleaded guilty in the Criminal Court of Baltimore to the charge of robbery with a deadly weapon, and the Court sentenced him to the

Maryland State Reformatory for Males for a term not to exceed five years.

First, petitioner alleged that he was denied due process of law and equal protection of the laws in violation of the Fourteenth Amendment of the Constitution of the United States.

Petitioner did not present any specific facts showing how his constitutional right had been violated. Where a petitioner for leave to appeal from denial of a writ of *habeas corpus* does not set forth any facts showing how he has been deprived of constitutional rights, his petition must be denied. *Hickman v. Warden of Maryland House of Correction,* 203 Md. 668, 99 A. 2d 730; *Williams v. Warden of the Maryland Penitentiary,* 205 Md. 633, 109 A. 2d 49.

Secondly, petitioner complained because he was transferred from the Reformatory for Males to the Maryland House of Correction. He stated that he had been assigned to a regular job in the bakery at the Reformatory and was learning the bakery trade, and that he had been conducting himself in such a manner as to be conducive to an early release from the institution.

In 1953 the Legislature of Maryland conferred upon the Superintendent of Prisons certain powers which had formerly been vested in the Board of Correction. Under the present law, the Superintendent of Prisons has the power to transfer from the Reformatory to other institutions under his control male offenders who have been sentenced to the Reformatory and found by the Superintendent of Prisons to be incorrigible and unmanageable, and who may be more safely cared for or trained in other institutions. The statute now empowers the Superintendent of Prisons to transfer any person confined in any of the institutions under his control to any other of said institutions at any time that he may, in his discretion, determine that such transfer will improve discipline or aid in the safekeeping, treatment, training, employment or rehabilitation of such person. Laws 1953, ch. 758, Code Supp. 1954, art. 27, secs. 763, 794.

It is not the function of a court in a *habeas corpus* proceeding to consider whether or not the Superintendent of Prisons properly exercised his discretion in transferring a prisoner from one penal institution to another.

*Application denied, with costs.*