RAMBERG *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[H. C. No. 24, October Term, 1955.]

*Decided February 9, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HEN-
DERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

The petitioner, who seeks leave to appeal from the
denial of the writ of *habeas corpus*, offers nothing to
show that the writ should be granted. He was convicted
by jury of operating a motor vehicle while under the in-
fluence of intoxicating liquor and sentenced to serve two
years in the House of Correction. He contends that he
was not operating the car, that there was no proof of in-
toxication, that he was not guilty, that the State's wit-
nesses committed perjury and that the sentence was too
severe. The contentions as to the lack or sufficiency of
evidence may not be raised in support of the right to
have the writ of *habeas corpus*. *Canter v. Warden*, 207
Md. 616; *Smith v. Warden*, 207 Md. 628; *Medley v.
Warden*, 207 Md. 634; *Cummings v. Warden*, 206 Md.

637; *Friedel v. Warden,* 205 Md. 657. The bald assertion of perjury is not enough. There must be set forth facts indicating that the state's officers knowingly used perjured testimony or entered into a conspiracy to defraud the accused of his rights. *France v. Warden,* 205 Md. 636; *Johns v. Warden,* 205 Md. 644.

Petitioner's claim that the sentence was too severe was supplemented in his petition in this Court by the claim that he was in jail for fifty days before he was tried and sentenced. Code, 1955 Supp., Art. 66½, Sec. 171, allows a two year sentence for a second or subsequent convictions. This was the third conviction for petitioner. Even on appeal, any sentence imposed by the court within statutory limits, is not subject to review. *Frazier v. Warden,* 205 Md. 654, 656. There is no requirement that a sentence run from the time of arrest. *Hands v. Warden,* 205 Md. 642. If the sentence of two years, starting after petitioner had been in jail for fifty days, exceeds the maximum permitted by law, as to which we express no opinion, petitioner cannot be heard until he serves so much of the sentence as was within the power of the court to impose. *Roberts v. Warden,* 206 Md. 246, 254; *Forrester v. Warden,* 207 Md. 622, 624.

*Application denied, with costs.*