## FORRESTER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 24, October Term, 1954.]

*Decided May 13, 1955.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus* by Judge Emory H. Niles, sitting in the Baltimore City Court. Petitioner has made five other applications for the writ, one to Judge W. Laird Henry, Jr., one to Judge George Henderson, two to Judge Patrick M. Schnauffer, and one to Judge Joseph R. Byrnes.

Petitioner was convicted of burglary and sentenced by Judge Warnken in the Criminal Court of Baltimore City on February 2, 1951, to five years in the Maryland House of Correction, said sentence to run from February 8, 1951. He was paroled on June 4, 1953, and after being on parole for 181 days he was returned to the Maryland House of Correction on December 2, 1953, for violation of parole.

His only contention here is that he is being illegally detained, as he was not given credit for the 181 days he was on parole, time spent in the community. Chapter 625, Section 91H, Acts of 1953, Code, 1954 Supplement, Article 41, Section 91H, provides: "REVOCATION OF PAROLE: EFFECT. Whenever a prisoner released on parole is retaken, he shall, at the next meeting of the Board of Parole and Probation at the institution designated for the return of the parolee, be given an opportunity to appear before the Board or a member thereof. The Board may then or within a reasonable time thereafter revoke the order of parole and terminate the conditions thereof. If the order of parole is revoked, the prisoner shall serve the remainder of the sentence originally imposed without credit for the time spent in the community under parole supervision except that said Board may, in its discretion, grant credit for time spent in the community under parole supervisions or for such part thereof as to the Board may seem just and fair under the circumstances. The Board may again parole the returned parolee if, in the opinion of the Board, he merits such consideration."

Petitioner, upon being returned to the Maryland House of Correction, was given a hearing by the Board as required by law, and the Board in its discretion did not give him credit for the time he was on parole in the community. He contends that the Board showed partiality and discriminated against him as some other prisoners had been given credit for such time. The action of the Board in denying him such credit was one within its discretion and there are no circumstances here shown to

624

make its action reviewable. *Walker v. Warden,* 198 Md. 653, 80 A. 2d 614.

Furthermore, if he were given credit for the 181 days spent in the community on parole, his sentence would not now have expired and he would not now be entitled to release.

. *Application denied, with costs.*