## LUCAS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 27, October Term, 1955.]

*Decided March 9, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HEN-
DERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

James B. Lucas, who is confined in the Maryland House
of Correction, has applied here for leave to appeal from
the refusal of a writ of *habeas corpus.*

Petitioner was indicted on two charges of robbery
with a deadly weapon and one charge of attempt to rob
with a deadly weapon. He alleges that when he was
arraigned in the Criminal Court of Baltimore on March
2, 1955, he pleaded not guilty to the charges, but that
when his case came on for trial on March 11 he changed
his plea to guilty. He was sentenced to the Maryland
House of Correction for the term of eight years on each
charge, the three sentences to run concurrently.

*First.* Petitioner contends that he did not waive his
right to trial by jury. There is no merit in this conten-
tion, because the docket entries show that he pleaded
guilty to each charge and therefore trial by jury was
unnecessary.

*Second.* Petitioner contends that the police held him
*incommunicado* prior to the trial. This contention is
without merit because he was represented by counsel,
and there is nothing in the record to indicate that he was
deprived of any constitutional rights.

*Third.* Petitioner contends that he did not receive a
copy of the indictment. The docket entries show that
he was served with a copy of the indictment and that a
receipt for it was filed. However, even assuming the
truth of petitioner's statement that he did not receive a

copy of the indictment, such fact would not entitle him to release from imprisonment on *habeas corpus*. *Ballam v. Warden of Maryland House of Correction*, 196 Md. 644, 75 A. 2d 95.

*Fourth.* Petitioner contends that he was denied due process of law and equal protection of the laws guaranteed by the Fourteenth Amendment of the Constitution of the United States. However, he failed to state how any of his constitutional rights had been denied him. Where a petitioner for leave to appeal from denial of a writ of *habeas corpus* does not set forth any facts showing how he has been deprived of constitutional rights, his petition must be denied. *Bell v. Warden of Maryland House of Correction*, 207 Md. 618, 113 A. 2d 482.

*Application denied, with costs.*