## HEIGHT *v.* DIRECTOR OF PATUXENT INSTITUTION

[H. C. No. 28, October Term, 1955.]

648

*Decided March 9, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HEN-DERSON and HAMMOND, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The petitioner was tried and convicted in the Circuit Court for Calvert County on a charge of disorderly conduct to the disturbance of the public peace. He was sentenced to six months' imprisonment in the House of Correction, and was first committed to the Patuxent Institution to determine whether or not he was a defective delinquent. (Apparently, he has since been remanded to the House of Correction.) The record of the proceedings in the Circuit Court for Calvert County, a certified copy of which was properly before the Judge to whom the application for the writ was made (Code (1951), Article 42, Section 5), shows that the petitioner was arrested on a warrant issued on November 4, 1955, by a trial magistrate for Calvert County, that the case was set for trial before the magistrate on November 11th, that the State's Attorney prayed a jury trial, that the petitioner was held for the action of the Circuit Court, that he there waived a jury trial and that he was tried on November 15, 1955, before the Court, without a jury, with the result above stated.

The petitioner filed a petition for a writ of *habeas corpus* with the Honorable Michael Paul Smith, of the Third Judicial Circuit, sitting in the Circuit Court for Baltimore County. His petition was denied and he applies for leave to appeal.

The grounds asserted for the issuance of the writ are these: (1) innocence; (2) arrest without a warrant; (3) perjury by the arresting officer; and (4) denial of his constitutional rights under the Sixth Amendment to the Constitution of the United States.

(1) The question of guilt or innocence cannot be raised on *habeas corpus*. *Friedel v. Warden of Maryland Penitentiary*, 205 Md. 657, 109 A. 2d 50; *Cummings v. Warden of Maryland House of Correction*, 206 Md. 637, 111 A. 2d 596; *Medley v. Warden of Maryland House of Correction*, 207 Md. 634, 115 A. 2d 287.

(2) The legality of the petitioner's arrest cannot be raised on *habeas corpus*. *Spence v. Warden of Maryland*

*House of Correction,* 204 Md. 661, 103 A. 2d 345. (The record demonstrates that a warrant for his arrest was issued, and this alleged ground is clearly unfounded in fact, as well as unavailable in law.)

(3) The alleged perjury of the arresting officer would not serve as the basis for the release of the petitioner on *habeas corpus.* It is the general rule that the truth of the testimony against the person seeking the writ cannot be reviewed on *habeas corpus.* Among the numerous cases in this State so holding, see *Harris v. Warden of Maryland Penitentiary,* 199 Md. 685, 86 A. 2d 168, *cert. den. sub nom. Harris v. Swenson,* 343 U. S. 931; *Frazier v. Warden of Maryland Penitentiary,* 205 Md. 654, 109 A. 2d 78. The same rule has been applied where there was said to be a conflict between the testimony of the arresting officers as to identification of the petitioner as given in two different cases. *Chinquina v. Warden of Maryland House of Correction,* 198 Md. 658, 80 A. 2d 612. In the instant case absolutely no facts are alleged to substantiate the bald assertion of perjury by the arresting officer. There is no allegation of any plan or effort on the part of the prosecuting attorney or of other responsible state officials knowingly to make use of perjured testimony, such as was alleged in considerable detail in *Mooney v. Holohan,* 294 U. S. 103. No subsequent case in the Supreme Court of which we are aware has upheld the right to a writ on any such vague and indefinite allegation as that set forth by the petitioner in this case. See, for example, *Hysler v. Florida,* 315 U. S. 411; *Pyle v. Kansas,* 317 U. S. 213; *New York, ex rel. Whitman v. Wilson,* 318 U. S. 688; *Hawk v. Olson,* 326 U. S. 271; *White v. Ragen,* 324 U. S. 760. In these cases the results have varied, but we have found no suggestion that anything less than complicity in the use of perjured testimony on the part of the prosecuting attorney or some other responsible State officials would amount to the denial of due process.

(4) The petitioner's allegation that his rights under the Sixth Amendment have been disregarded is com-

pletely vague. He fails to present any specific facts to show a violation of his constitutional rights, and this alone would be fatal to his application. *Bell v. Warden of Maryland House of Correction,* 207 Md. 618, 113 A. 2d 482. We suppose that he complains of the lack of counsel. Though he does not directly allege that he did not have counsel, the docket entries in the Circuit Court for Calvert County (a certified copy of which is included in the record) does not show that he was represented by an attorney, and we assume that he was not. However, there are no allegations that he requested and was denied counsel, and there are none to show that for want of counsel "an ingredient of unfairness operated actively in the process that resulted in his confinement." Hence the fact that he was without counsel affords no basis for his application. *Martucci v. Warden of Maryland House of Correction,* 202 Md. 648, 96 A. 2d 490, and cases therein cited. We also note that, if the allegations of the warrant are to be believed, the petitioner was not without experience in such matters, since he is alleged to have been arrested on the same charge four times previously in the preceding twelve months.

*Application denied, with costs.*